UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLIE C., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-2058-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of their application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Plaintiff contends that the administrative law judge ("ALJ") erred in assessing their severe impairments, improperly evaluated the medical opinions, and failed to reconcile conflicts at step five. (Dkt. # 9.) The Commissioner filed a response arguing that the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed. (Dkt. # 13.) Plaintiff filed a reply. (Dkt. # 14.) Having considered the

---

[1] Plaintiff identifies as nonbinary. AR at 415.

ORDER - 1

ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.[2]

## II. BACKGROUND

Plaintiff was born in 1987, has at least a high school education, and does not have past relevant work. AR at 29-30. They have not engaged in substantial gainful activity since the alleged onset date. *Id.* at 20.

In August 2022, Plaintiff applied for DIB, and in May 2023, they applied for SSI. AR at 207-52. Both applications alleged disability beginning May 17, 2019. *Id.* at 17. Plaintiff's applications were denied initially and on reconsideration, and they requested a hearing. *Id.* at 116-30. After the ALJ conducted a hearing in May 2024, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-56.[3]

Using the five-step disability evaluation process,[4] the ALJ found, in pertinent part, Plaintiff's severe impairments include anxiety disorder, post-traumatic stress disorder, depressive disorder, and gender dysphoria. AR at 20. They have the residual functional capacity ("RFC") to perform work at all exertional levels, except they: cannot work in bright light; are limited to moderate noise levels; can understand, remember, and carry out instructions to perform simple tasks; are limited to superficial interactions with others; can work in proximity to others; can sustain concentration and persistence for two-hour periods at a time; and can tolerate only

---

[2] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

[3] Plaintiff filed prior SSI and DIB applications, following which an ALJ issued a decision finding that they were not under a disability through the date of the decision. AR at 57-77. The ALJ declined to give *res judicata* effect to the prior findings, however, because "new and material evidence shows treatment for depression, including medication, and therapy addressing the impairment of gender dysphoria." *Id.* at 19-20; *see* Acquiescence Ruling 97-4 (9).

[4] 20 C.F.R. §§ 404.1520, 416.920.

occasional changes to the work setting. *Id.* at 23. They can perform work as a hand packer, laundry worker, and linen room stocker and therefore, are not disabled. *Id.* at 30-31.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

ORDER - 3

## IV.   DISCUSSION

### A.   The ALJ Did Not Err at Step Two

Plaintiff argues that the ALJ erred at step two by not discussing their obstructive sleep apnea ("OSA") diagnosis and finding their obesity nonsevere. (Dkt. # 9 at 4-8.) Generally, if the ALJ decides in favor of the claimant at step two, as happened in this case, any error at that step is harmless and cannot constitute a basis for remand. *See Buck v. Berryhill*, 860 F.3d 1040, 1048-49 (9th Cir. 2017). To show harmful error from a step two finding made in a claimant's favor, a claimant must show that the omitted impairment warrants a different outcome at later steps in the sequential evaluation process. *See Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005).

Plaintiff notes that they have been diagnosed with OSA and highlights their complaints of excessive fatigue. (Dkt. # 9 at 5.) Aside from reports of fatigue, however, Plaintiff has not provided evidence that OSA resulted in work related limitations. (*Id.* at 4-6.) The ALJ did evaluate Plaintiff's testimony about fatigue, but discounted it for various reasons (generally normal mental status exams, positive response to treatment, activities such as watching television, performing chores, attending appointments, cooking, exercising, spending time with their cat, crocheting, and socializing with friends) that Plaintiff has not challenged. AR at 24-26. Thus, Plaintiff has not demonstrated that the omission of OSA resulted in harmful error.

Plaintiff also contends that the ALJ erred in finding their obesity nonsevere. (Dkt. # 9 at 6-8.) The ALJ found Plaintiff's obesity nonsevere due to their generally normal physical examinations and lack of allegations about physical limitations. AR at 20. While Plaintiff references medical literature about the cumulative effects of obesity, they have not provided evidence or indicated any functional limitations resulting from obesity that the ALJ neglected to consider. Therefore, Plaintiff has not shown harmful error in the ALJ's obesity assessment.

**B.      The ALJ Did Not Err in Evaluating Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In this case, Holly Petaja, Ph.D., opined that Plaintiff had marked limitations in communicating and functioning effectively in a work setting. AR at 418-22. Jenna Yun, Ph.D., and Tasmyn Bowes, Psy.D., similarly concluded that Plaintiff had an overall severity of marked limitations in performing work activities. *Id.* at 428-42, 1288-94. Additionally, Ellen Hodge, LMHC, reported marked limitations in Plaintiff's capacity for sustained concentration, social interaction, and adaptability. *Id.* at 1034-37.

The ALJ found these opinions unsupported, citing the providers' examination findings, which included appropriate dress, adequate hygiene, normal speech, calm and cooperative behavior, anxious mood and affect, logical and goal-directed thought process, no delusions, and normal orientation, perception, memory, fund of knowledge, abstract thought, insight, and judgment. AR at 27-29. Plaintiff argues that the ALJ ignored parts of the providers' evaluations that documented symptoms directly relevant to the limitations assessed, such as anxious mood and affect, sleep disturbance, low mood, appetite changes, and fatigue. (Dkt. # 9 at 11-14.) The ALJ explicitly acknowledged the findings related to anxious mood and affect, however, and the other symptoms relate to Plaintiff's own testimony, which the ALJ evaluated and discounted for multiple uncontested reasons.

ORDER - 5

Even if, *arguendo*, there were errors in assessing supportability, the ALJ also concluded that these opinions were inconsistent with Plaintiff's generally normal mental status exams, the assessments by the state agency consultants, and Plaintiff's activities of daily living. AR at 28 (citing *id.* at 79-86, 88-98, 338-345, 1295-1323). Plaintiff did not challenge these consistency findings on appeal.[5] Accordingly, substantial evidence supports the ALJ's evaluation of the medical opinions. *See Woods*, 32 F.4th at 793 n.4 (even if an opinion is supported, an ALJ may find it unpersuasive because it is inconsistent with the record).

### C. The ALJ Did Not Err at Step Five

At step five, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work that exists in "significant numbers" in the national economy. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). The Commissioner can fulfill this burden by relying on the testimony of a Vocational Expert ("VE"). *Id.* at 1101; *see also Buck*, 869 F.3d at 1051 (VE testimony is "inherently reliable").

Plaintiff claims the ALJ failed to reconcile an apparent conflict between their restrictions—such as avoiding bright lights, moderating noise exposure, and limitations to simple tasks, superficial interactions, and occasional workplace changes—and the duties of hand packer, linen room stocker, and laundry worker. (Dkt. # 9 at 8-11.) The record paints a different picture. The VE explicitly testified that someone with those restrictions could perform these jobs. AR at 51-52. This satisfied the ALJ's burden to demonstrate that such jobs exist in "significant numbers" in the national economy. *Id.* at 30. Plaintiff's generalized assertions to the contrary do not establish harmful error.

---

[5] Plaintiff challenges the ALJ's consistency findings in the reply brief (dkt. # 14 at 4-6), however, these arguments are waived because they were not specifically argued in the opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this <u>26th</u> day of June, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7